IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                       Plaintiff,<br>   v.<br>NUZON CORPORATION, a corporation; MARGARET'S VILLA, INC., a corporation; GERALDO ORTIZ, an individual; LILIBETH ORTIZ, an individual; FIL-LYD INVESTMENTS, LLC, a California Foreign Limited Liability Company; JUANJO INVESTMENTS, LLC, a California Foreign Limited Liability Company,<br>                       Defendants. | Case No. 8:16-cv-00363-CJC-KES<br><br>**CONSENT JUDGMENT & ORDER**<br><br>Judge:   Hon. Cormac J. Carney |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants Nuzon Corporation, Margaret's Villa, Inc., Geraldo Ortiz, Lilibeth Ortiz, Fil-Lyd Investments, LLC, and JuanJo Investments, LLC (hereafter collectively referred to as "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment").

## STATEMENTS BY THE PARTIES

1. The Secretary alleges in the Second Amended Complaint that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(3) and (5).

2. Defendants are represented by counsel, and have appeared in this action and answered the Second Amended Complaint.

3. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

4. Defendants admit that the Court has jurisdiction over the parties and the subject matter of this civil action and that venue lies in the District Court for the Central District of California.

5. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors at Defendants' residential care home facilities) have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants understand and expressly acknowledge that the provisions and safeguards guaranteed under the FLSA to employees, including but not limited those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5), apply to all their employees, including caregivers/direct care staff, drivers, qualified

intellectual disability professionals (QIDPs), licensed vocational nurses (LVNs), and registered nurses (RNs).

8. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during the Subject Period (October 2011 through April 2017) by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

9. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the Subject Period by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, and by failing to pay such employees compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

10. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the Subject Period by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA. Defendants understand and expressly acknowledge that, by the date Defendants sign this Consent Judgment, Defendants will keep all records required under 29 C.F.R Part 516 for each and every individual who performs any work for Defendants at their current or future residential care home facilities, as well as any other records required by this Consent Judgment.

11. Defendants agree that the Secretary establish a *prima facie* violation of Section 15(a)(3) of the FLSA during the Subject Period by establishing

sufficient facts that Defendants retaliated against employees because such employees were believed to have filed a complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or were about to testify in any such proceeding. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under the FLSA of this Consent Judgment is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

## JUDGMENT AND ORDER

Therefore, upon motion of the attorneys for the Secretary, and for cause shown, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the Secretary on his claims against Defendants.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are employers that shall comply with the FLSA with respect to their workers employed at Defendants' residential care facilities.

I. **INJUNCTIVE RELIEF PROVISIONS**

    A.    **Prohibitions on Violating the FLSA**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, Defendants' officers, agents, servants, employees, successors and all persons in active concert or participation with Defendants are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

    1.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the

meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate, including California state law).

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516. To ensure compliance with this provision, Defendants shall:

    a. Hire a third-party payroll-processing firm to process and issue employees' paychecks;

    b. Use a time clock system at each residential care facility and ensure that each employee uses the system to accurately record the time the employee (i) begins work each day by clocking in as soon as the employee enters the worksite and/or premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking out at the beginning of the meal period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more by clocking in at the end of the uninterrupted work-free meal period; (iv) ends any work-interrupted meal period by clocking back in; and (v) ends work each day by clocking out just before the employee leaves the worksite and/or the employer's premises. Work time shall

include, but is not limited to, time spent by employees: bathing, grooming, clothing, feeding, waiting for transportation for residents, providing companionship and social interaction with residents (via taking residents on walks, playing games with residents), or otherwise caring for residents; cooking meals for residents; doing laundry for the facility/residents, performing related housekeeping duties, and performing administrative tasks.

      c.     Ensure each employee accurately records the time employed to travel for Defendants or perform work at off-site locations for Defendants. For example, time spent driving residents to appointments, waiting for or attending residents' appointments, taking residents to the hospital or other locations, waiting for residents to receive treatment/service, and traveling back to residential care facility;

      d.     Not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee unless an employee voluntarily requests in writing to correct a genuine error or pursuant to a bona fide dispute regarding an employee's time records. Should the latter occur, there must be a written record of the disputed hours according to both employee and employer and the reason for the dispute, accompanied by the signature of both parties. Such records will be kept for a period of 3 years from the day of the request or dispute;

      e.     Not encourage or pressure workers to under-report hours worked;

      f.     Not create false records by requiring workers to clock out for lunch breaks they did not take. This applies to all shifts, including this graveyard shift;

      g.     For each workweek, sum the time indicated on the time records recorded by each employee to identify the time worked each day and each

workweek.

  h. For each pay period, prepare a statement of hours and wages for each employee ("Pay Period Summary"). The Pay Period Summary shall provide all information required under California Labor Code Section 226(a), including: (1) the employee's gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages, (5) the inclusive dates of the period for which the employee is paid, (6) all applicable hourly rates in effect during the pay period, and (7) the corresponding number of hours worked at each hourly rate.

  i. For a period of not less than one year following entry of this Judgment, have each individual review his or her Pay Period Summary, write in corrections if necessary, and sign the Pay Period Summary. Immediately upon issuance and for three (3) years thereafter, Defendants shall maintain copies of all Pay Period Summaries for inspection by the U.S. Department of Labor at any time and by any of Defendants' employees at any time.  Defendants shall post in a prominent location at all of Defendants' current residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms) a notice alerting employees that they have the right to inspect their Time Records and Pay Period Summaries at any time without prior request ("Inspection Notice").

  j. With each Pay Period Summary, include a statement in English and Tagalog indicating that:

> **Your employer must pay you for all hours worked. Your hours worked includes all the time that you are not free from work duties. If you think your employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at (714) 621-1650.**

**Dapat bayaran ng inyong amo ang sahod para sa lahat ng oras na nagtrabaho kayo. Kasama sa mga oras ninyo ang oras na hindi kayo libre sa inyong tungkulin. Kung sa palagay ninyo na hindi binayaran ng inyong amo ang sahod para sa lahat ng oras ninyo, tumawag kayo sa U.S. Department of Labor sa (714) 621-1650. Kompindensyal ang inyong report sa U.S. Department of Labor.**

4. Defendants, their officers, agents, servants, attorneys, and employees and those persons in active concert or participation with them, shall not, contrary to FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. To ensure compliance with this provision, Defendants shall:

    a. Not remove or evict current live-in employees, or reduce any housing benefits for current live-in employees in retaliation against employees.

    b. Not make any changes to live-in employees' current tenancies in retaliation against employees.

    c. Maintain habitable housing in substantially the same condition as currently exists for current live-in employees and not alter living conditions in retaliation against employees.

    d. Not terminate or threaten to terminate any employee, or retaliate or discriminate against any employee in any other way, based on their belief that such employee spoke with or otherwise cooperated with DOL, or made a formal or informal complaint about any issue related to Defendants' wage and hour practicesto any party;

    e. Not direct anyone who works for them not to speak to representatives of the DOL or to provide false information to the DOL regarding the terms and conditions of their employment, or asking anyone who

       works for them to give them any documents or business cards provided by a representative of the DOL;

    f.    Not obstruct any future DOL investigation;

    g.    Not threaten to have any employee deported, or refer to any employee's immigration status in a threatening manner, because of cooperation or perceived cooperation with the DOL, or raising an issue related to hours and pay to any party;

    h.    Not encourage employees to engage in retaliation against coworkers, or instructing one employee to tell another employee that the employee will be fired for cooperating with the DOL or engaging in any other protected activity under the FLSA;

    i.    Not reduce or manipulate employees' work schedules because of cooperation or perceived cooperation with the DOL or any other protected activity under the FLSA.

    j.    Not require employees to re-apply to their current job or re-submit documents for their current or past employment with Defendants because of their cooperation or perceived cooperation or other protected activity under the FLSA.

5.    Defendants shall not, contrary to the FLSA, misclassify individuals performing work at one of their residential care home facilities as non-employees (e.g., independent contractors) but shall treat and classify said individuals as employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act.

6.    Defendants, jointly and severally, shall not continue to withhold payment of $550,000, which represents the unpaid minimum wage and overtime compensation hereby found due for the Subject Periods, to the employees named in the attached Exhibit A in the amounts set forth therein.

## B. Additional Compliance Requirements

7. Defendants shall provide an explanation for each deduction made to employees in their employee handbook, policies, and training documents related to pay, hours worked, clocking in and clocking out, time cards, and breaks.

8. Within ten (10) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of Defendants' residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms). Defendants shall do the same at any future residential care home facility within ten (10) calendar days of it beginning operations. Copies of said posters are available for download and printing at:

http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

9. Within thirty (30) calendar days of the date Defendants sign this Consent Judgment, Defendants shall provide each of their employees with a copy of a notice of rights, attached as **Exhibit B**, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding care home employees' rights under the FLSA ("Notice of Rights"). Exhibit B includes English and Tagalog versions of the Notice of Rights. In the event the native language of any employee of Defendants is a language other than English and Tagalog, Defendants shall ensure that the Notice of Rights is properly translated into that language. Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

    a. Defendants shall post a copy of Exhibit B in a prominent location at all of Defendants' current residential care home facilities (for example, near the facility's front door, where employees commonly take meal breaks, inside employee restrooms), and Defendants shall do the same

at any future residential care home facility within ten (10) calendar days of it beginning operations.

      b.      Defendants shall provide a copy of Exhibit B with the first two paychecks for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees.

      c.      Defendants shall provide a copy of Exhibit B to all newly hired employees before or by the date said employee begins performing work for Defendants at one of Defendants' residential care home facilities.

      d.      Defendants shall include Exhibit B in all handbooks, policies, and trainings related to pay, hours worked, clocking in and clocking out, time cards, and breaks.

10. Within six (6) months of the date that Defendants sign this Consent Judgment, Defendants must conduct a training session for all individuals performing work at Defendants' residential care home facilities. Defendants may request that Wage and Hour Division representatives conduct the training. Individual Defendants shall also be present at said training, which shall be compensable time for which employees shall receive pay. Topics to be covered during the training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA and specific considerations relating to residential care home facility employees. If conducted by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendants' employees, during which time Defendants are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay. Upon completion, Defendants shall certify satisfaction of this provision to the Secretary's counsel.

## II. MONETARY PROVISIONS

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$1,100,000**, which is comprised of unpaid minimum wage and overtime compensation owed by Defendants in the amount of **$550,000**, and an additional equal amount as liquidated damages. This amount shall be considered a debt owed to the United States.

The total of $1,100,000.00 is hereby found due under the FLSA to Defendants' current and former employees in Exhibit A as a result of their employment by Defendants from October 15, 2011 to April 15, 2017 ("Back Wage Accrual Period"). These provisions of this Consent Judgment shall be deemed satisfied where Defendants comply with each of the following payment provisions:

a. Defendants shall provide the Secretary, within five (5) days of the date of entry of this Consent Judgment, the following information for each individual employed by Defendants at any of their residential care homes during the Back Wage Accrual Period: first name, middle name, last name, home address (street address, city, state, zip code), position/title, work site name, hire date, and termination date (where applicable). If the Secretary requests additional information for the purposes of identifying the employees owed back wages under this Consent Judgment, the amounts owed, and the applicable periods, Defendants shall timely cooperate with these requests.

b. The Secretary will then file an Amended Exhibit A, within fourteen (14) days of receiving the information above from Defendants. The Amended Exhibit A shall include the names of employees who worked for Defendants at any of their residential care homes during the Back Wage Accrual Period, their period of employment, the gross amount of back wages due, and the gross amount of liquidated damages due to each employee.

c. Defendants shall be responsible for determining and withholding each employee's share of payroll taxes and other required deductions from the amounts to be paid to the employees named in the attached Exhibit A, Defendants shall timely remit said deductions to the appropriate governmental agencies entitled thereto. Within fourteen (14) days of the filing of Amended Exhibit A, Defendants shall file a schedule showing the net back wages due to the employees listed on Amended Exhibit A. The schedule shall identify the employee's name, period of employment, amount of gross back wages (as listed in Amended Exhibit A), amount of legal deductions and withholdings from back wages as required under federal and California law (that Defendants shall pay directly to the appropriate federal and state agencies, when due), and the resulting net back wage amount for each employee listed in Amended Exhibit A.

d. Within ninety (90) days of the date of entry of this Consent Judgment, Defendants shall deliver in person to Charles Song, U.S. Department of Labor, Office of the Solicitor, 350 S. Figueroa St., Suite 370, Los Angeles, CA 90071-1202 two separate checks made payable to each employee identified on the Amended Exhibit A and the Wage and Hour Division, U.S. Department of Labor as alternative payees (*i.e.*, "Pay to the Order of: [Employee Name] or Wage & Hour Div., Labor"). The first check shall be for the amount of liquidated damages due to the employee as identified on the Amended Exhibit A. The second check shall be for the net amount of back wages, accounting for the withholdings identified in the schedule above. The preceding obligations described in this subparagraph "d" shall be referred to herein as the "Payment Obligations." Upon delivery to the Secretary's Office of the Solicitor as specified above, the Office of the Solicitor will be the designated custodian for the back wage and liquidated

damages checks until each check is either distributed to the employee or given to the Wage and Hour Division.

11. The Secretary shall distribute the checks described in Paragraph d. above to the employees identified in Amended Exhibit A, or if necessary, to the employees' estates. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the checks, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). In the event that Defendants' default on their Payment Obligations set forth in Paragraph II. d. above, Defendants will be liable for $1,100,000 due under this Consent Judgment plus a daily $10,000 fee for everyday payment is late. Late fees shall not accrue for more than thirty (30) days. Late fees will be equally distributed to Defendants' current and former employees listed on Exhibit A.

12. As security for the judgment amount of $1,100,000.00, the Parties agree as follows:

    a. Within fourteen (14) days of entry of this Consent Judgment, the Defendants shall provide the Secretary with Deeds of Trust on the real properties known as, and located at: 24091 Via Luisa, Mission Viejo, CA 92691 ("Via Luisa Property"); 24522 Quintana Dr, Mission Viejo, CA 92691 ("Quintana Property"); 23052 Dune Mear Road, Lake Forrest, CA 92630 ("Dune Mear Property"); and 26961 Recodo Ln, Mission Viejo, CA 92691 ("Recodo Property") (together, "the Properties"). The Parties will supplement this proposed Consent Judgment with the Deeds of Trust, as Exhibit C, within two (2) weeks of this filing.

    b. Defendants agree not to encumber or transfer any of the Properties before the respective Deed of Trust is recorded.

    c. The Secretary will record each Deed of Trust within ten (10)

days of the Secretary's receipt of properly executed Deeds of Trust.

  d. Defendants represent the cumulative fair market value of the Properties constitutes sufficient equity to satisfy the Judgment of $1,100,000.00 against Defendants.

13. If Defendants default on their Payment Obligations, the Secretary may promptly force a sale of one or more Properties through the following procedures, in the following order:

  a. The Secretary shall declare all sums secured by the Deed of Trust for the Via Luisa Property immediately due and payable and shall cause the sale of the Via Luisa Property pursuant to the provisions set forth in the executed Deed of Trust recorded on the Via Luisa Property.

  b. Should the proceeds from the sale of the Via Luisa Property fail to fully satisfy the amounts due under this Consent Judgment at the time of sale, the Secretary shall then declare those remaining unpaid amounts secured by the Deed of Trust for the Quintana Property immediately due and payable and shall cause the sale of the Quintana Property pursuant to the provisions set forth in the executed Deed of Trust recorded on the Quintana Property.

  c. Should the proceeds from the sale of the Via Luisa Property and the Quintana Property fail to fully satisfy the amounts due under this Consent Judgment at the time of sale, the Secretary shall then declare those remaining unpaid amounts secured by the Deed of Trust for the Dune Mear Property immediately due and payable and shall cause the sale of the Dune Mear Property pursuant to the provisions set forth in the executed Deed of Trust record on the Dune Mear Property.

  d. Should the proceeds from the sale of the Via Luisa Property, the Quintana Property, and the Dune Mear Property fail to fully satisfy the amounts due under this Consent Judgment at the time of sale, the Secretary

shall then declare those remaining unpaid amounts secured by the Deed of Trust for the Recodo Property immediately due and payable and shall cause the sale of the Recodo Property pursuant to the provisions set forth in the executed Deed of Trust record on the Recodo Property.

  e. Upon the receipt of any moneys from the sale of any of the Properties, the Secretary shall provide Defendants with an executed Partial or Full Satisfaction of Judgment reflecting the amount received on the sale of that Property.

 14. Defendants shall not directly or indirectly request, solicit, suggest, or coerce any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

### III.   **ADDITIONAL PROVISIONS**

 15. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified herein for the back wage recovery provisions.

 16. Defendants agree to take further actions as may be reasonably

CONSENT JUDGMENT & ORDER
Case No. 8:16-cv-00363-CJC-KES  Page 15

necessary to carry out the purposes and intent of the requirements under the FLSA as ordered in this Judgment.

17. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding.

18. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: June 6, 2019

_____
The Hon. Cormac J. Carney
United States District Judge

| | |
|---|---|
| Dated: _____ | Dated: _____ |

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

MARC A. PILOTIN
Counsel for Wage and Hour Litigation

CHARLES SONG
Senior Trial Attorney

_____
JESSICA M. FLORES
Trial Attorney

JENNIFER L. STA. ANA
Trial Attorney
*Attorneys for Plaintiff R. Alexander Acosta, United States Secretary of Labor*

_____
NUZON CORPORATION
Signed by:

_____
MARGARET'S VILLA, INC.
Signed by:

_____
GERALDO ORTIZ

_____
LILIBETH ORTIZ

_____
FIL-LYD INVESTMENTS, LLC
Signed by:

_____
JUANJO INVESTMENTS, LLC
Signed By:


By: _____
JEHAN N. JAYAKUMAR
ANDREW E. SAXON, CARLSON & JAYAKUMAR LLP
*Attorneys for Defendants Nuzon Corporation; Margaret's Villa, Inc.; Geraldo Ortiz; Lilibeth Ortiz; Fil-Lyd Investments, LLC; and Juanjo Investments, LLC*